UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ALLEN, </br></br> Plaintiff, </br></br> v. </br></br> INDY WEEK, et al., </br></br> Defendants. | Civil Action No. 1:24-cv-00177 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. The court grants plaintiff's IFP application, and, for the reasons expressed below, it dismisses this matter without prejudice.

At the outset, the court notes that plaintiff appears to be located in the District of Columbia but is currently unhoused. *See* Not. of Change of Address, ECF No. 7. While the court is certainly understanding of plaintiff's circumstances, the Local Rules of this court nonetheless require that a *pro se* plaintiff must provide both their full residence address and telephone number in the caption of their first filing or risk dismissal. *See* D.C. LCvR 5.1(c)(1). Without this information, the court cannot communicate with plaintiff regarding this case.

The allegations do not fare much better. Plaintiff sues what appear to be local news stations and newspapers, all located in Durham, North Carolina. *See* Compl. at 1; Civil Cover Sheet ("CCS"), ECF No. 1-1, at 1. He broadly alleges that defendants have infringed his First Amendment rights, due to their purported lack of interest in publicizing alleged "constitutional violation(s) and abuse of powers of both state and federal courts in the state of North Carolina . . . [and] in the Middle and [D]istrict Court of the Eastern District of North Carolina[,]" arising from

plaintiff's criminal and subsequent civil actions seeking relief arising therefrom. *See* Compl. at 1–2. He asserts that, since his release from prison, he has been unable to maintain employment or housing, and that attorneys refuse to represent him and have taken advantage of him. *See id.* at 2. He demands $14 billion in damages. *See* CCS at 2.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category.

Second, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or if the parties are of diverse citizenship

and the amount in controversy exceeds $75,000. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations do not raise any federal question. Although plaintiff cites to the First Amendment, he provides none of the information necessary to state a cognizable claim. Indeed, a plaintiff's "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Put differently, federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, plaintiff has failed to articulate the deprivation of a fundamentally protected right. "Events may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Plaintiff has also failed to establish diversity of citizenship. It is a "well- established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Indeed, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*,

305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). As noted above, plaintiff has not set forth his residence, let alone his citizenship.

And even if he had, this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). All of the defendants are located in North Carolina, and all of the alleged events giving rise to plaintiff's intended claims appear to have occurred in North Carolina.

Consequently, this case is dismissed without prejudice. Plaintiff's motion for appointment of counsel, ECF No. 4, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   April 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge